HAZOURI, J.
Appellant, Silvia Pertofsky, appeals the trial court’s dismissal with prejudice of her personal injury complaint against appellee, Arbor Living Centers of Florida, Inc., which was entered upon the trial court’s own motion to dismiss for lack of prosecution. We reverse.
Florida Rule of Civil Procedure 1.420(e) provides in pertinent part:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any *1056 interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.
(Emphasis added).
The record in this case indicates that appellee filed a Notice of Filing Bankruptcy which acts as an automatic stay under the Bankruptcy Act. Based on a stipulation of the parties, the trial court entered a stay order based on the bankruptcy stay. Under Rule 1.420(e), the trial court may not dismiss for failure to prosecute when a stay order has been filed. The court file reflects that the stay was still in effect. Although appellee asserts that the bankruptcy stay had been lifted, appellee took no action to file the order lifting the stay. Therefore, the trial court erred in dismissing the complaint for lack of prosecution.

Reversed and Remanded For Further Proceedings.

WARNER and KLEIN, JJ., concur.